UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOSE LUIS MORALES,

    Plaintiff,

    v.

ROBERT HOREL; MAUREEN McLEAN; J. WOLF; SUE RISENHOOVER; JOSEPH KRAVITZ; DR.GREGORY DUNCAN; DR. J. FRATKIN; DR. DONALD POMPAN; R. PIMENTEL; and Does 1-4,

    Defendants.
    _____/

No. C 08-4441 PJH (PR)

**ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS**

    This is a civil rights case filed pro se by a state prisoner that was closed on March 26, 2010, when the court granted defendants' motion for summary judgment. The court has previously denied plaintiff's motion to alter or amend the judgment and a motion for reconsideration. Plaintiff appealed and the United States Court of Appeals for the Ninth Circuit affirmed the court's grant of summary judgment.

    Plaintiff recently filed a second motion for reconsideration stating that he did not receive proper notification of the standards of summary judgment in light of *Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (notice of requirements to defeat summary judgment must be given at the time motion for summary judgment is filed, not earlier). *Woods* was decided on July 6, 2012, and stated it applied in all pending and future cases. *Id.* at 941. Plaintiff's case was closed on March 26, 2010, therefore *Woods* was not applicable and plaintiff's motion for reconsideration was denied.

///

///

Plaintiff has filed an appeal with the Ninth Circuit regarding this court's denial of his second motion for reconsideration about the *Woods* notice.  The Ninth Circuit has referred the case back to this court for the limited purpose of determining whether plaintiff's in forma pauperis status should continue or whether the appeal is frivolous or taken in bad faith.

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed in forma pauperis.  Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1).  Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court."  The party must attach an affidavit that (1) shows in detail "the party's inability to pay or give security for fees and costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal."  Fed. R. App. P. 24(a)(1).  However, even if a party provides proof of indigence, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).  An appeal is in "good faith" where it seeks review of any issue that is "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  An issue is "frivolous" if it has "no arguable basis in fact or law."  *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

In this case, it is clear that plaintiff was not required to receive a *Woods* notice, as his case was closed two years prior to *Woods*, and *Woods* only involved currently pending and future cases.  Therefore, plaintiff's appeal of this court's denial of his motion for reconsideration is frivolous and taken in bad faith and his in forma pauperis status is **REVOKED**.  The Clerk shall forward this Order to the Ninth Circuit in case No. 13-15206.

**IT IS SO ORDERED.**

Dated: February 15, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\Morales4441.revk-ifp.wpd

2